IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEREMIAH MANGHAN,
ANDRE ALLEN,
KEENAN BLACK,
RANDALE CHAPMAN,
LAMONT HUNTER,
DERON NIXON.

    Defendant.

Criminal No. 11-0045
**ELECTRONICALLY FILED**

## MEMORANDUM ORDER RE: DEFENDANTS' PRE-TRIAL MOTIONS

On February 15, 2011, an indictment was filed against twenty Defendants charging them with various offenses including conspiracy to distribute and possession with intent to distribute heroin and firearm offenses. Doc. No. 1. On June 7, 2011, a superseding indictment was filed charging twenty-four Defendants with similar offenses. Doc. No. 273. Since that time, eighteen of the twenty-four Defendants have changed their plea and pled guilty to the offenses(s) charged or, pursuant to a plea agreement, a lesser included offense.[1] Many of these Defendants have already been sentenced by this Court. The only Defendants who have not pled guilty are: Jeremiah Manghan (1), Andre Allen (2), Keenan Black (4), Randale Chapman (7), Lamont Hunter (12), and Deron Nixon (17). On July 31, 2012, the Court entered a Pre-Trial Order setting deadlines for pre-trial matters and setting trial for October 29, 2012. Doc. No. 965.

---

[1] Defendant Eric Durah had the charges against him in 11-cr-0045 dismissed due to his change of plea to guilty in 11-cr-310.

Defendants who are proceeding to trial have filed seventeen pre-trial motions at various dates. Doc. Nos. 263, 266, 267, 268, 466, 467, 468, 469, 470, 471, 580, 704, 955, 958, 959, 998, 999.[2] The Government filed an omnibus response on August 21, 2012. Doc. No. 989. Defendants' deadline to file their reply briefs was August 30, 2012. 7/31/12 Text Order. No replies have been filed.

AND NOW, this 7th day of September 2012, after careful consideration of Defendants' Motions and the parties' briefs in support of and in opposition thereto, the Court rules as follows:

**Motions for Disclosure/Discovery:**

1. Motion for Discovery: <u>Deron Nixon</u> (Doc. No. 466)

Defendant Nixon filed a Motion, pursuant to Federal Rules of Criminal Procedure 12 and 26.2, listing categories of information that he requests as part of discovery. Doc. No. 466. The Government contends that it "has complied with its discovery obligations under Rule 16 and will continue to do so." Doc. No. 989, 2. All parties must comply with their respective discovery obligations under Rule 16, and the Court believes that the parties have done so. Furthermore, the Court finds that Defendant's request for the categories of information is premature in light of the Court's Pre-trial Order setting forth dates for disclosure of *Brady/Giglio* and Jencks information (October 2, 2012, Doc. No. 965, ¶ 4). Therefore, Defendant's Motion for Disclosure (Doc. No. 466) is **DENIED AS MOOT**.

---

[2] Defendants in this case have filed Motions to Join Motions of Co-Defendants (Doc. Nos. 265, 874, 956, 957, 960), including Motions which will be addressed in this Memorandum Order. For clarity, each Motion will be referred to by the Defendant who filed the Motion. If a Motion to Join is applicable to a particular Motion, this Court's decision to grant or deny the Motion will apply to the Defendant who filed the Motion as well as any Co-Defendants who elected to join the Motion.

2. Motion to Produce Evidence Which the Government Intends to Use under Fed. R. Evid. 404(b) and 609: <u>Lamont Hunter</u> (Doc. No. 266)

3. Motion to Compel Disclosure of 404(b) Material: <u>Deron Nixon</u> (Doc. No. 467)

Both Defendants Hunter and Nixon request information that the Government intends to use pursuant to Federal Rules of Evidence 404(b) and 609. These Rules permit evidence of other crimes, wrong, or other acts to be used for a purpose other than to prove a person acted in accordance with the character. Pursuant to the Rules, the prosecutor must: (a) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and (b) do so before trial – or during trial if the court, for good cause, excuses lack of pre-trial notice.

The Court's Pre-Trial Order sets forth that information pursuant to Fed. R. Evid. 404(b) must be disclosed by October 2, 2012. Doc. No. 965, ¶ 4. This schedule is adequate time for Defense Counsel to review any 404(b) material in preparation for the jury trial set to begin October 29, 2012. Therefore, Defendants' Motions to Produce Evidence Pursuant to Fed. R. Evid. 404(b) and 609 (Doc. Nos. 266 and 467) are **DENIED AS MOOT**.

4. Motion for Disclosure in a Timely Manner of Jencks Act Material: <u>Deron Nixon</u> (Doc. No. 470)

In his Motion, Defendant Nixon requests witness' previous oral and written statements ("Jencks Act material") at least 30 days before trial. Doc. No. 470, 2. The Government is obliged to provide Jencks Act material pursuant to 18 U.S.C. § 3500 and Fed. R. Crim. Pro. 26.2. 18 U.S.C. § 3500 provides that statements or reports of prospective Government witnesses shall not "be the subject of subpoena, discovery, or inspection until said witness has testified on direct

examination in the trial of the case." The Court's Pre-Trial Order sets forth that the Government is encouraged to provide remaining Jencks Act material prior to the October 26, 2012, Pre-Trial Conference. Doc. No. 965, ¶ 4. The Court declines to order that the Government provide Jencks Act material earlier than October 26, 2012, but continues to encourage early disclosure when possible. Therefore, Defendant Nixon's Motion to Produce Jencks Act Information (Doc. No. 470) is **DENIED AS MOOT**.

5. Request Release of *Brady* Materials: <u>Lamont Hunter</u> (Doc. No. 263)
6. Motion to Compel Disclosure of *Brady* Material: <u>Deron Nixon</u> (Doc. No. 468)

Defendants Hunter and Nixon request disclosure of evidence that may be "exculpatory or otherwise favorable" to them. Doc. No. 263, 1. Each Motion sets forth categories of information requested. Doc. Nos. 263 and 468. The Court's Pre-Trial Order entered on July 31, 2012, requires that the Government "shall provide defense counsel with copies of any *Brady/Giglio* impeachment materials not previously disclosed . . . on or before October 2, 2012." Doc. No. 965, ¶ 4. This date is almost the 30 days prior to trial requested by Defendant Nixon and is adequate time for counsel for both Defendants to prepare (especially in light of information that has already been provided). Doc. No. 468, 3. In light of the Court's Pre-Trial Order, Defendant Hunter's Request for Specific *Kyles* and *Brady* Information (Doc. No. 263) and Defendant Nixon's Motion to Compel Production of *Brady* Material (Doc. No. 468) are **DENIED AS MOOT**.

7. Motion to Compel Proffer of Government's Expert Witness Testimony: <u>Deron Nixon</u> (Doc. No. 704)

Defendant Nixon contends that the prosecution "may attempt to qualify certain law enforcement officers as experts as to gangs and gang related activities, and/or drug dealing

4

discussions and activities" and requests that the Government immediately provide information as to any expert testimony it intends to present at trial. Doc. No. 704, ¶¶ 1, 4. Federal Rule of Criminal Procedure 16(a)(1)(G) provides that "at the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." The summary must include the witness' opinions, qualifications, and the reasoning supporting the opinions. Id. In its Response, the Government indicates that such expert testimony may be presented and that in compliance with Fed. R. Crim. Pro. 16(a)(1)(G), a written summary will be provided no later than October 2, 2012. Doc. No. 989, 5. The Court finds that this deadline affords sufficient time for Defense Counsel to review the written summary and to prepare for trial. Therefore, Defendant's Motion to Compel Proffer of Government's Expert Witness Testimony (Doc. No. 704) is **GRANTED IN PART AND DENIED IN PART**. The Government shall provide Defense Counsel with proffer(s) of expert witness testimony on or before October 2, 2012.

8. Motion to Compel Designation of Recordings for Use at Trial: <u>Deron Nixon</u> (Doc. No. 469)

Defendant Nixon requests the Court to direct the Government to "designate which audio recordings/transcripts it intends to use in its case in chief at trial." Doc. No. 469, 1. In its Response to Defendant's Motion, the Government indicated that it "intends to provide the trial transcripts of each recorded communication it intends to present during its case-in-chief to each of the trial defendants on or before October 2, 2012." Doc. No. 989, 9. Therefore, Defendant Nixon's Motion to Compel the Government to Designate Recordings It Intends to Use at Trial

(Doc. No. 469) is **GRANTED**. As agreed to, the Government shall designate the recordings intended for use in trial on or before October 2, 2012.

**Motions for Pre-Trial Admissibility Determinations:**

1. Motion for Pre-Trial Determination of the Admissibility of the Alleged Co-Conspirator Statements under Federal R. Evid. 404(b) and 609: <u>Lamont Hunter</u> (Doc. No. 267)

Defendant Hunter moves this Court to hold a pre-trial hearing on the admissibility of statements of alleged co-conspirators which the Government seeks to introduce at trial pursuant to Fed. R. Evid. 801(d)(2)(E). Doc. No. 267. Defendant contends that the "Court must determine whether sufficient evidence exists to establish that there actually was a conspiracy and that the defendant was involved in the conspiracy . . . . prior to the introduction of the statements of the alleged co-conspirators by the government." Doc. No. 267, 2.

Defendant cites case law from the United States Court of Appeals for the Third Circuit that sets forth standards that Defendant contends the Government must meet before statements of alleged conspirators may be admitted. *See United States v. Brathwaite*, 782 F.2d 399, 403 (3d Cir. 1986); *United States v. Gibbs*, 739 F.2d 838, 843 (3d Cir. 1984). The Court agrees with the Government that a pre-trial hearing on this issue is not judicially economical and finds instructive *United States v. McDade*, 827 F.Supp. 1153, 1176 (E.D. Pa. 1993) in which the District Judge noted that (as to the admissibility of co-conspirator statements) there is "no authority for the proposition that . . . proof must be made before trial. Proof of admissibility is usually introduced during trial, either through the testimony of other witnesses, or contemporaneously with the offering into evidence of the co-conspirator's statements." The Government must still prove the admissibility of co-conspirators' statements pursuant to Federal

R. Evid. 801(d)(2)(E), but the Court will not require that this be done prior to trial. Therefore, Defendant Hunter's Motion for Pre-Trial Determination of the Admissibility of Alleged Co-Conspirators' Statements under Fed. R. Evid. 801(d)(2)(E) (Doc. No. 267) is **DENIED**.

2. Motion *in Limine* Re. California Trip: Deron Nixon (Doc. No. 580)

Defendant Nixon objects, pursuant to Fed. R. Evid. 402, 403, and 404(b), to the Government introducing evidence that he "made a trip to California for the purpose of acquiring a quantity of marijuana." Doc. No. 508, ¶¶ 1-2. In response, the Government offers that any evidence presented of a trip to California would pertain to an alleged November 2010 trip which Defendant Nixon allegedly took to obtain heroin and marijuana for himself and Defendant Manghan. Doc. No. 989, 12. The Government notes that if evidence of the alleged trip is presented "it will omit any references to marijuana." Id. The Court believes that this concession addresses any concerns of irrelevant evidence regarding marijuana contained in Defendant's Motion. However, evidence that Defendant Nixon traveled to California to allegedly obtain a supply of heroin for himself and a Co-Defendant is relevant to his present charges. Therefore, Defendant Nixon's Motion *in Limine* re: The California Trip is **GRANTED IN PART AND DENIED IN PART**. If evidence is presented of his trip to California, the Government shall exclude any reference to Defendant allegedly attempting to obtain a marijuana supply.

**Motions to Suppress:**

1. Motion to Suppress Wiretap Evidence: Deron Nixon (Doc. No. 471)

Defendant Nixon moves this Court to suppress "any and all evidence seized as a result of Wiretap Orders utilized in this case to intercept conversations of the defendant and others." Doc. No. 471, 1. The evidence obtained in this case is largely based upon eight applications targeting

ten telephones that were approved by United States District Judge Terrence McVerry. (Filed at miscellaneous cases: 10-145, 10-153(a)-(c), and 10-153(e)-(h).) Defendant asserts that the evidence obtained as a result of the wiretaps of certain Co-Defendants' phones violates the Wiretap Act, 18 U.S.C. § 2518 and were not supported by probable cause and, as a result, must be suppressed.

Defendant argues that the applications for wiretaps violated 18 U.S.C. § 2518(1)(C), which requires that each application for an Order authorizing or approving interception of "a wire, oral, or electronic communication" shall include "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." *See also United States v. Hendricks*, 395 F.3d 173, 180 (3d Cir. 2005). This statute "does not require the government to exhaust all other investigative procedures before resorting to electronic surveillance." *United States v. Williams*, 124 F.3d 411, 418 (3d. Cir. 1997). The applications at issue contain statements as to why investigators believed that wiretaps were the best way to further the investigation because traditional techniques had failed and/or were unlikely to be safe or successful:

> The investigative steps listed and discussed below have been tried and have failed to achieve the goal of the investigation, reasonably appear to be unlikely to succeed in achieving the goal of the investigation if they are tried or further pursued, or are too dangerous to employ or to continue to employ. Moreover, as will be further explained below, each of the investigative steps requires context to achieve the goal of this investigation. Under the facts and circumstances of this case, such context is only likely to be provided through the interception of wire communications and electronic communications.

10-mc-153, 24. The applications set forth specific techniques that were used by investigators and why they believe that traditional measures were no longer sufficient to obtain further information. This information meets the requirements of 18 U.S.C. § 2518(1)(C).

Defendant also argues that the evidence obtained from wiretaps must be suppressed because: (1) the information provided was to[o] old to be considered ("staleness"); [and] (2) the current information was insufficient to establish probable cause to obtain a wiretap on any of the designated phones in all of the Orders . . . ." Doc. No. 471, 2. Defendant does not elaborate further on this argument. 18 U.S.C. § 2518(3)(b) requires that the Court must determine that "there is probable cause for belief that particular communications concerning that offense will be obtained through such interception." Probable cause in the context of wiretap surveillance of telephones exists when "the facility or property through or at which the intercepted communication takes place is the means or sit us of criminal activity." *United States v. Urban*, 404 F.3d 754, 776 (3d Cir. 2005). The Government's application for wiretaps contained more than sufficient evidence that the target phones were being used for criminal activity and thus were supported by probably cause. Therefore, Defendant Nixon's Motion to Suppress Wiretap (Doc. No. 471) is **DENIED**.

    2. Motion to Suppress: <u>Keenan Black</u> (Doc. No. 959)

Both parties contend that Defendant Black's Motion to Suppress a firearm and drugs found on January 6, 2011, as the result of an encounter with Pittsburgh Police officers requires a suppression hearing to determine if the evidence was constitutionally obtained. Doc. Nos. 959, 989, pg. 1. The Court will **defer ruling on this Motion** until after the suppression hearing which is scheduled for September 18, 2012, at 1:30PM.

9

3. Motion to Suppress Wire and Electronic Communications: <u>Andre Allen</u> (Doc. No. 955)

Defendant Andre Allen filed a Motion to Suppress Wire and Electronic Communications on July 28, 2012. Doc. No. 955. The Court was informed that Defendant wishes to change his plea to guilty in 11-cr-00045-2 and a change of plea hearing has been set for September 10, 2012. 8/30/12 Text Order. Other Motions filed by Andre Allen will also not be addressed in this Memorandum Order. They are a Motion for Bill of Particulars (Doc. No. 998) and Motion to Dismiss the Indictment and Motion for Disclosure of Grand Jury Minutes pursuant to Fed. R. Crim. Pro. 6(e)(3)(E)(ii) (Doc. No. 999).

If Defendant changes his plea to guilty, his Motions will be denied as moot. Therefore, the Court defers ruling on these Motions until Defendant's change of plea hearing.

**Other Motions:**

1. Motion to Sever Defendant: <u>Keenan Black</u> (Doc. No. 958)

Defendant Black contends that he will be deprived of his Sixth Amendment right to a fair trial if his trial is not severed from that of his remaining Co-Defendants. Doc. No. 958, ¶ 6. Defendant bases his argument on the fact that evidence which may be admitted against his "more culpable Co-Defendants" would result in a biased jury and/or one that is "incapable of proper assessment of the evidence against Defendant." Id. at ¶ 2.

Pursuant to Federal Rule of Criminal Procedure 14(a), the Court may sever trials if "the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government." The Court recognizes the "fundamental principle" that the "federal system prefers 'joint trials of defendants who are indicted together []' because joint trials 'promote efficiency

and serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Urban*, 404 F.3d at 776 *quoting Zafiro v. United States*, 506 U.S. 534, 537 (1993).

The Court finds that much of the evidence that would be used against Defendant Black would be the same regardless of whether his trial was joint or separate. Several of Defendant Black's alleged transactions involved Co-Defendants who will proceed to trial and therefore, will involve duplicative evidence. It is not judicially economical to have separate trials for each Co-Defendant when many of the alleged criminal actions involve multiple Co-Defendants.

Therefore, because the Court finds that a joint trial will not prejudice Defendant and will be more judicially economical, Defendant Black's Motion to Sever (Doc. No. 958) is **DENIED**.

2. Motion for Bill of Particulars: <u>Lamont Hunter</u> (Doc. No. 268)

Defendant Hunter has moved the Court, pursuant to Federal Rule of Criminal Procedure 7(f), to order the Government to file a bill of particulars. Doc. No. 268, 1. Federal Rule of Criminal Procedure 7(c)(1) sets forth that an indictment or information must "be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." Defendant contends that the superseding indictment does not adequately advise him of the charges he faces. Doc. No. 268, ¶ 7. He specifically requests that the bill of particulars contain the specific acts "alleged to have been engaged in by the defendant which forms the basis of the alleged conspiracy as set forth in Count One of the [superseding] indictment." Doc. No. 268, ¶ 9(a).

An indictment complies with Fed. R. Crim. Pro. 7(c)(1) when it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and . . . enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Johnstone*, 856 F.2d 539, 541 (3d Cir. 1988) *quoting Hamling v.*

*United States*, 418 U.S. 87, 117 (1974). The Court finds that the superseding indictment coupled with discovery materials (including wiretaps of cell phone communications) that have been, and will be, provided by the Government affords sufficient information for Defendant to determine the charge against him and to prepare for trial. Therefore, Defendant's Motion for Bill of Particulars (Doc. No. 268) is **DENIED**.

                                          SO ORDERED,

                                          s/ Arthur J. Schwab
                                          Arthur J. Schwab
                                          United States District Judge

cc:      All Registered ECF Counsel and Parties