IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA,

        Plaintiff,                          Criminal No. 11-0045
                                            **ELECTRONICALLY FILED**

    v.

JEREMIAH MANGHAN,
ANDRE ALLEN,
KEENAN BLACK,
RANDALE CHAPMAN,
LAMONT HUNTER,
DERON NIXON.

        Defendant.


**ORDER OF COURT RE: PARTIES' MOTIONS IN LIMINE (DOC. NOS. 1036, 1037, 1038, 1039, 1040, 1053, 1054, 1055, 1056, 1061, 1062)**

Pursuant to this Court's Pre-Trial Order, the parties filed Motions in Limine by October 10, 2012, and filed replies by October 15, 2012. Doc. No. 965, ¶ 5. There are eleven (11) pending Motions in Limine before this Court which will be addressed by the party who filed the Motion. Doc. Nos. 1036-1040, 1053-1056, and 1061-1062).

AND NOW, this 16th day of October 2012, IT IS HEREBY ORDERED as follows:

**A. Motions in Limine filed by the Government**

1. *Motion in Limine for Authorization to Recall Certain Law Enforcement Officers During Case-in-Chief (Doc. No. 1036)*

In its Motion in Limine for Authorization to Recall Certain Law Enforcement Officers During Case-in-Chief, the Government, pursuant to Fed. R. Evid. 611(a), moves the Court to permit law enforcement officers to be recalled during the prosecution's case-in-chief "to allow for the chronological presentation of evidence." Doc. No. 1036, 1. The Court finds that it is

preferable to present evidence to the jury in the most organized way possible, including

presentation of evidence in a chronological manner, especially in this case which involves

multiple Defendants, an extended period of time, and numerous intercepted cell phone

communications and drug transactions.  The Court encourages Counsel, if they have not already

done so, to discuss the manner in which the witness will be recalled to limit any concerns raised

in Defendant Hunter's Response to this Motion in Limine (Doc. No. 1066).  Therefore, because

of the nature of this case, the Government's Motion in Limine for Authorization to Recall

Certain Law Enforcement Officers During Case-in-Chief (Doc. No. 1036) is **GRANTED**.

Pittsburgh Police Detective Christian Sciulli will be permitted to be recalled during the

Government's case-in-chief so that evidence may be presented chronologically.

> 2. *Motion in Limine for Authorization for the Presence of Two Law Enforcement Officers at Counsel Table (Doc. No. 1037)*

In its Motion in Limine for Authorization for the Presence of Two Law Enforcement

Officers at Counsel Table, the Government moves this Court, pursuant to Fed. R. Evid. 615,

to permit Detective Christian Sciulli and Agent Karen Springmeyer to sit at counsel table

throughout the trial.  Detective Sciulli has been authorized as the prosecution's representative

pursuant to Fed. R. Evid. 615(2).  The Government represents the Agent Springmeyer's presence

is essential to its presentation of the evidence.  Doc. No. 1037, 3.  Defendants did not file a

Response to this Motion in Limine.  The Court finds that the presence of both Detective Sciulli

and Agent Springmeyer at counsel table is appropriate pursuant to Fed. R. Evid. 615, and

therefore, the Government's Motion in Limine for Authorization for the Presence of Two Law

Enforcement Officers at Counsel Table (Doc. No. 1037) is **GRANTED**.

3. *Motion in Limine for Authorization for the Jury to Utilize a Computer to Review Audio Recordings (Doc. No. 1038)[1]*

In its Motion in Limine for Authorization for the Jury to Utilize a Computer to Review Audio Recordings, the Government moves the Court to permit the jury to utilize a "non-networked, clean laptop computer to review the audio recordings of intercepted calls that are admitted as substantive evidence during the trial." Doc. No. 1038, 1. Defendants did not file a Response to this Motion in Limine. The Court finds that the jury should be permitted to review the cell phone communications, which are admitted into evidence, during its deliberations. As such, the jury will be permitted to review a CD/DVD of these communications on a laptop computer. Therefore, the Government's Motion in Limine for Authorization for the Jury to Utilize a Computer to Review Audio Recordings is **GRANTED**. The Government shall provide the Court with the laptop computer and the CD/DVD which will be used by the jury to review the cell phone communications on or before Thursday, October 25, 2012, at 2pm, for the Court's review.

4. *Motion in Limine for Authorization for the Jury to Utilize the Transcripts of the Intercepted Communications During Its Deliberations (Doc. No. 1039)*

In its Motion in Limine for Authorization for the Jury to Utilize the Transcripts of the Intercepted Communications During Its Deliberations, the Government moves the Court to permit transcripts of intercepted phone calls and text messages to be with the jury during its deliberations. Doc. No. 1039, 1. Defendants have not filed a Response to this Motion in Limine.

---

[1] The Court notes that on October 14, 2012, Defendant Lamont Hunter filed a Waiver of Jury Trial Pursuant to Fed. R. Crim. P. 23(a)(1) indicating he would waive his constitutional right to a trial by jury and, instead, proceed to a trial before this Court. Doc. No. 1073. The Waiver

The transcripts of the text messages introduced at trial shall be permitted to be with the jury during deliberations because, like the audio recordings of cell phone calls, they are substantive evidence. The Court will instruct the jury that the transcripts of the audio cell phone calls, which will be permitted to be in the jury room during deliberations, are only listening aids and are not substantive evidence. See Doc. No. 1080, 2.07 (which will be read during both the preliminary and final jury instructions). The Court finds that it would be inconsistent to permit the jury to have transcripts of the cell phone communications during trial, but not during deliberations, when they may choose to re-listen to all of, or portions of, the audio tapes. Therefore, the Government's Motion in Limine for Authorization for the Jury to Utilize the Transcripts of the Intercepted Communications During Its Deliberations (Doc. No. 1039) is **GRANTED**.

5. *Motion in Limine to Exclude Improper Cross-Examination about Past Arrest, Dismissed or Acquitted Charges, and Non-Qualifying Convictions (Doc. No. 1040)*

In its Motion in Limine to Exclude Improper Cross-Examination about Past Arrest, Dismissed or Acquitted Charges, and Non-Qualifying Convictions, the Government moves this Court to bar Defense Counsel from cross-examining Government witnesses about any arrests, dismissed charges, non-qualifying convictions, or acquittals. Doc. No. 1040, 2. Defendants did not file a Response to this Motion in Limine. All Counsel are reminded of their obligation to comply with Fed. R. Evid. 609(a) during cross-examination. As such, because the Government's Motion in Limine to Exclude Improper Cross-Examination about Past Arrest, Dismissed or Acquitted Charges, and Non-Qualifying Convictions (Doc. No. 1040) is consistent with Fed. R. Evid. 609(a), it is **GRANTED**.

6. *Motion in Limine for Authorization to Admit Standard Lay Opinion Testimony (Doc. No. 1053)*

In its Motion in Limine for Authorization to Admit Standard Lay Opinion Testimony, the Government moves this Court to permit "standard lay opinion testimony by Detective Christian Sciulli explaining the meaning of ambiguous words and phrases pursuant to Federal Rule of Evidence 701." Doc. No. 1053, 1. The Government contends that Detective Sciulli's explanation of colloquialisms used on the intercepted communications and text messages "will be grounded upon his own perceptions and based on the information he gathered and was exposed to during the course of the investigation." Id. at 2. Defendant Hunter's Response to this Motion in Limine details concerns that Detective Sciulli's testimony may exceed the bounds of Fed. R. Evid. 702 and "become[] expert witness opinion testimony." Doc. No. 1065, ¶ 5. Defense Counsel "reserves his right to object to any testimony which exceeds the bounds of Rule 702 and becomes expert witness opinion testimony." Id. Government Counsel is reminded that Detective Sciulli's lay opinion testimony must comply with Fed. R. Evid. 701 and 702. The Government's Motion in Limine for Authorization to Admit Standard Lay Opinion Testimony (Doc. No. 1053) is **GRANTED**.

**B. Motions in Limine Filed by Defendant Lamont Hunter**

1. *Motion in Limine re. Evidence Proffered Pursuant to Fed. R. Evid. 404(b) (Doc. No. 1054)*

In his first Motion in Limine, Defendant Hunter moves this Court to prohibit similar act evidence that the Government provided notice of its intention to present pursuant to Fed. R. Evid. 404(b). Doc. No. 1054. On September 27, 2012, the Government provided notice that it intends to present evidence that: (1) Defendant Hunter controlled and influenced other members

with whom he is charged in the current case regarding cooperation with law enforcement and whether to plead guilty; and (2) Defendant Hunter was a source of supply for heroin in 2008 and 2009 as well as during the course of the conspiracy charged in the Indictment (and Superseding Indictment). See Doc. No. 1054, ¶ 2. The Court finds that the probative value of Defendant's actions, both before and immediately after the period of the Indictment (and Superseding Indictment), are relevant to the conduct charged in the Superseding Indictment. This includes Defendant Hunter's alleged control of other Co-Defendants in this case as well as allegedly serving as a supply source both before and during the time of the FBI and ATF's investigation which comprises the charge against him. Such actions could demonstrate to a jury that Defendant Hunter had the intent to distribute heroin, or otherwise be permitted pursuant to Fed. R. Evid. 404(b)(2). The Court finds that admission of such evidence is proper pursuant to the United States Court of Appeals for the Third Circuit's four-part test in *United States v. Green*, 617 F.3d 233, 249 (3d Cir. 2010). The evidence: (1) has a proper evidentiary purpose; (2) is relevant; (3) satisfies Fed. R. Evid. 403 and (4) will be accompanied by a limiting instruction, if requested. Id. Therefore, Defendant's Motion in Limine re. Evidence Proffered Pursuant to Fed. R. Evid. 404(b) (Doc. No. 1054) is **DENIED**.

  *2. Motion in Limine re. Transcripts of Audio Recordings (Doc. No. 1055)*

  In his second Motion in Limine, Defendant Hunter moves this Court to prohibit the Government from using transcripts of the audio recorded telephone calls. Doc. No. 1055. The Court finds that transcripts of the audio portions of intercepted cell phone communications that will be presented at trial are appropriate as listening aids during the trial and, as addressed in two of the Government's Motions in Limine (Doc. Nos. 1038 and 1039), will be permitted to be used by the jury during its deliberations. The Court will provide an instruction that the transcripts are

listening aids and that only the audiotapes themselves are substantive evidence which must control if there is any discrepancy.  Therefore, Defendant's Motion in Limine re. Transcripts of Audio Recordings (Doc. No. 1055) is **DENIED**.

### 3.  *Motions in Limine re. Line Sheets of Text Messages (Doc. No. 1056)*

In his third Motion in Limine, Defendant Hunter moves this Court to prohibit the Government from referencing the existence and substance of text messages attributed to Defendant Hunter until such time as the proper foundation is established.  During trial, the Government contends that it will present evidence to authenticate the text messages it intends to present as evidence.  Doc. No. 1071, ¶ 3.  At that point, the Court will rule whether such evidence is sufficient to authenticate the text messages pursuant to Fed. R. Evid. 104(b) and 901. The Court declines to rule, in advance of such evidence, that the text messages are not admissible because of a lack of foundation.  Therefore, Defendant Hunter's Motion in Limine re. Line Sheets of Text Messages (Doc. No. 1056) is **DENIED**.

## C.  **Motions in Limine Filed by Defendant Deron Nixon**

### 1.  *Motion in Limine re. Defendant's Prior Conviction (Doc. No. 1061)*

In his Motion in Limine re. Defendant's Prior Conviction, Defendant Deron Nixon argues that, pursuant to Fed. R. Evid. 403, the Government should be barred from presenting evidence that he was convicted of heroin trafficking in the Court of Common Pleas of Allegheny County in 2007.  Doc. No. 1061, ¶ 1.  In its Response, the Government states that reference to Defendant's prior conviction would not be made in the opening statements and, if it determines that it intends to present evidence of the prior conviction, the Government will "alert the Court and defense counsel before it seeks" such admission.  Doc. No. 1068, 1.  The Court will address this issue if, and when, the Government alerts the Court that it intends to present evidence of

Defendant Nixon's 2007 conviction for heroin trafficking. Therefore, Defendant Nixon's Motion in Limine re. Defendant's Prior Conviction (Doc. No. 1061) is **DENIED AS MOOT**.

      2. *Motion in Limine re. Reference to Gang (Doc. No. 1062)*

In his Motion in Limine re. Reference to Gang (Doc. No. 1062), Defendant Nixon moves, pursuant to Fed. R. Evid. 403, the Court to bar the Government from making reference to any Co-Defendant as an alleged member of a street gang. Doc. No. 1062, ¶¶ 2, 3. The Government contends that it "does not currently intend to present any such 'gang' evidence or references despite its relevance in a trial involving concerted criminal action." Doc. No. 1067, 1. If the Government intends to present evidence of gang ties, it must alert the Court and Defense Counsel prior to any reference to gang affiliation and obtain a ruling from Court in order to do so. Therefore, Defendant Nixon's Motion in Limine re. Reference to Gang (Doc. No. 1062) is **DENIED AS MOOT**.

### D. Remaining Defendants

Defendants Jeremiah Manghan[2], Keenan Black, and Randale Chapman did not file any Motions in Limine.

 

                    s/ Arthur J. Schwab
                    Arthur J. Schwab
                    United States District Judge

cc:    All Registered ECF Counsel and Parties

---

[2] The Court notes that, since the filing of the Motions in Limine, Defendant Jeremiah Manghan indicated to the Court that he wishes to change his plea to guilty. A Change of Plea hearing is scheduled for October 18, 2012 at 9:30AM. Doc. No. 1082.